Good morning. Abbas Kazaronian for the Appellant Robert Afewerki. May it please the Court. The issue before the Court this morning is, did the lower court err in holding that it is not a material violation of the FDCPA and the RFDCPA when a debt collector attempts to collect a debt by filing a lawsuit and claiming $3,000 more than what was owed and also claiming a 0.3% inflated rate of interest that was agreed to by contract. Mr. Afewerki, the Appellant. Can you work out the dollars as to what the interest rate difference amounted to? I'm sorry, Your Honor? Well, the interest rate difference, we're past the decimal point. How many dollars difference did that amount to? Can anybody calculate that? It depends for how long it was going to accrue for, Your Honor. Well, per month or per whatever. Nobody has calculated that. But on its face, Your Honor, it was $3,000. That was increased on the... The amount was, but you also mentioned the interest rate. And it struck me the interest rate's got to be pretty small. But I was curious if anybody had calculated it. Yes, Your Honor. Mr. Afewerki contends that these are material violations and the lower court did in fact err because the lower court did not use the standard that was set by this particular court in Donahue and Turgamon and avoided the guidelines set by this court. And so for those reasons, we contend that it was an error. As a starting point, I think it should be noted that the the lower court did in fact find that there were misrepresentations to Mr. Afewerki. The only question before this Court is whether there were material violations. Your position is that the court, the district court did not apply the right standard, the least sophisticated standard. Is that right? Yes, Your Honor. That's one of the standards. And of course, there is no analysis in the lower court's decision upon the strict nature of these statutes, the strict liability statutes. It's been... And he placed a burden on your client to show that he would have done something differently? The lower court, that's the standard that the lower court used. Right. That's error. You think the court erred in doing that? Yes, Your Honor. Judge Klausner said that we had not, Mr. Afewerki had not provided any evidence to show that he would have acted any differently if the right amount had been pled in the complaint and summons. But that's clearly not the standard as decided by this Court in Donohue and Torgerman. The standard is how would the least sophisticated debtor have been affected by those misrepresentations? And the policy behind that is that with the least sophisticated debtor be able to make sort of informed decisions and be able to take, you know, meaningful participation in the debt collection process. That is the standard that was set in Clark. And again, that was reiterated in Torgerman and, of course, Donohue, which were the, in fact, ironically, the decisions that the lower court relied upon. And if we look at the materiality of these situations, the least sophisticated debtor, not Mr. Afewerki, could have been misrepresented in a myriad of ways, in material ways. And we've obviously briefed that in our pleadings. I mean, one hypothetical, for example, is that the least sophisticated debtor sees the amount that is being pledged and assumes that it's true and would pay it. Another possibility is that the least sophisticated debtor would be starting at a different point in trying to negotiate the debt. Or they would be so daunted by the amount that's being pledged that's higher that they would file bankruptcy. Well, let me ask you this, counsel, in terms of understanding materiality in this context. If I were a debtor and the difference was, the error was 30 cents, I mean, I'm the kind of guy who would say, look, if I don't owe you the 30 cents, I'm not going to pay the 30 cents. Absolutely. Is that the standard for materiality? Could 30 cents be the standard? Yes, Your Honor. I mean, I would like to say that the case, the facts in this case are $3,000. Sure, sure. But going to Your Honor's point, the Donohue decision, which was the case that began materiality in the Ninth Circuit, was relying very heavily on a case from the Seventh Circuit called Hahn. And in Hahn, Justice Easterbrook stated that a dollar due is a dollar due. He said, applying an incorrect rate of interest would lead to real injury. Reporting interest in one line item rather than another harms no one. For those reasons, we have given May Welles some people, meaning that any amount, even if it's a dollar or 30 cents, as Your Honor states, that would be real harm and real injury would be material. The reason why this court in Donohue and in Hahn decided that they were immaterial violations is because the bottom line didn't change. The total amount being collected was the same. It's just the interest rate and the sum that was being collected maybe were inverted. But the actual total amount being collected were the same amount. In this case, it's $3,000 more and 0.3 interest more on the interest rate. And the total amount of both amounts labeled was something like $32 in Donohue, right? Yes, Your Honor. Yes. The only question was how that $32 was totaled, how the sum totals were labeled, right? Absolutely, Your Honor. Yes. And I think that's telling. And what's interesting is in Turgamon, in Turgamon, the misrepresentation, which this court found to be material, was the name of the original creditor. And that, this court decided, would lead the least sophisticated debtor to act differently and be misled by that communication. And they would not be able to participate in the debt And that is what the key is to this case, is whether the least sophisticated debtor would be misled by that communication. And in this case, I submit that it does. There is a case from the Fourth Circuit, Powell v. Palisades, that I believe is actually very good for your side. It's at 782 F. 3rd 119. I don't know if you've had counsel, if you're familiar with that case, if you've had a chance to look at it. If not, then I won't ask you to comment on it. You can always do what's called a 28-J letter. I will ask the other side about that case as well. Thank you, Your Honor. Sure. I would like to reserve my time for rebuttal, Your Honor. Very well. Thank you. Presiding Justice, Associate Justices, may it please the Court, Jonathan Malik for the report that the record in this case is far from complete. The circuit rules require that the evidence presented in the motion... We got a summary judgment. So presumably the record was complete enough to get a summary judgment. The record isn't limited to what's attached to the excerpts of record. We've got access to the whole district court record. Are you saying that's inadequate? The record in the district court is adequate. Okay, then move on. Because we don't... We're not limited to what's in the excerpts. Yes. Yes, Your Honor. Perhaps you could start with his argument that materiality, if it's a dollar is a dollar. Why don't you start there? Because it seems to me that if he's right about that, then you've got a problem in this case. Yes, Your Honor. The standard is, would the error in the complaints cause the debt to the debtor, the inability to choose their response to the complaint? Suppose he paid it. That may create an issue. Well, then he would have paid $3,000 too much. Are you saying $3,000 is immaterial? I'm saying that if he paid the $3,000, he would have remedies under... He would have knew about them, but suppose he takes your client's word for it. I mean, the whole point of the statute is to put the onus on the debt collector to be right. In this case, the debt collector wasn't right. And it could have had pretty serious consequences. So how is that immaterial? Is there any case where the dollar amount was wrong, that the court concluded it was immaterial? No, Your Honor. I did analogize this to other court pleadings and other cases where attorneys have... We'd have the same issue if an attorney filed a motion for attorney's fees and the debtor just paid the motion before the court ruled on it. And we'd have a problem, wouldn't we? But there's not a federal attorney fee collection statute. There is a federal debt collection practices statute. And that's what the current lawsuit's brought under. And I'm not sure I understand how an actual error in the amount of money owed of $3,000... I mean, I understand it almost certainly was a bona fide error, but it was an error, and this is meant to be a pretty strict statute. There is a bona fide error defense, which was not offered up by your client. And so we're stuck with the defense that was offered and was successful to the district court, but I really don't understand how an error of $3,000 in the amount owed could be immaterial. And here's your chance to try to tell me why it is. The standard is, would it prevent the debtor from intelligently choosing his response? In an error where you can check your balance online, where he has statements... It's not the debtor. That's the problem. It's the least sophisticated debtor, right? That was one of the problems I had with the district court's ruling. It really was not an objective standard. Yes, Your Honor, but the least sophisticated debtor would still have access to his own records. Well, if he knew how to use a computer or if he had a computer, I'm willing to bet the least... I don't check my bank account by computer. It's not worth the hassle. I'm having a hard time understanding how the least sophisticated debtor is expected on his own to assume this thing he's received in the form of a lawsuit is wrong and he can go check out for himself. That's a very different standard, I think, than the least sophisticated debtor. I would also submit to this Court that lawsuits are different than a standard collection letter, than a standard tactic, because they are filtered by the courts. You do have to prove up your case in order to get a default judgment or a judgment. I was... I'm sorry. You can't get a judgment from a collection letter. If anything, you expect a document filed in court to be at least as carefully prepared as a collection letter, and there's nothing that exempts lawsuits from the Federal Fair Debt Collection Practices Act, is there? Not specifically, but as stated in Section 7 of my brief, there are some cases discussing the treatment of lawsuits with respect to the FDCPA. But also, I'd like to move on to the... there were numerous exemptions to Rosenthal that the District Court could have relied on as well, in ruling on the Rosenthal claim. And I would submit that the Court could have found... I mean, the record would show that there's no dispute that this typographical error was timely corrected within the 15 days provided by Rosenthal. But that... what effect does that have on the Federal statute? It does not. But they've appealed both... the rulings on both issues. So your position there is you corrected it within the grace period, the 15-day grace period? Yes. And also, our other argument is that it doesn't apply to law firms. Isn't your argument that it could... that the error would have been discovered during what apparently in California they call the prove-up process? That's been removed by a decision as a defense... in support for your argument by State court, hasn't it? They've said they don't... for credit card... in credit card cases, you do not need to present documents. I'm not familiar with that case, Your Honor. It's the H... Okay. But my concern would be that the complaint filed with the State court had nothing attached. There was no contract, no agreements. We would have had to have attached that. I believe the case is HSBC. Yeah. Bank of Nevada v. Aguilar. Yes, that's the one I was referring to. I... no, I'm not familiar with that... that case. I would just... I would submit to the court that in standard State court practice, the State clerk... the State court clerk would have required evidence of the debt. It would have been... it would have been... the typographical error would have been discovered... discovered then when we submit the computer printout or the... the statements. But you... you would agree, though, that that view of materiality is different from what courts have applied to this point, correct? Yes. Yes, Your Honor. There's no public decision that I could find or that you... that the parties have cited allowing a district court to view materiality on this down-the-road theory, as I'll call it. Somewhere down the road that this thing would have been caught, correct? Yes. Yes, Your Honor. I... I asked opposing counsel about a case called Powell v. Palisades from the Fourth Circuit, 782 F. 3rd 119. I... I don't know if you have... if you're familiar with this case. No, Your Honor. I'm... I'm not. Then for the reasons cited in the brief, Your Honors, I'll... I'll submit unless you have any other questions for me.  Thank you, Your Honors. Counsel, perhaps you could spend a moment talking about the Rosenthal claim. Thank you, Your Honor. Your Honor, the... the Rosenthal claim, the... the 15-day cure does not apply to this case, and it has not done so since 1999. Assembly Bill 969, in 1999, amended the... the RFDCPA by adding 1788.17. And what that section of the bill that the Rosenthal says... says is that anything that is not consistent with the FDCPA is superseded by this section. And the section that counsel is talking about... Are they talking about remedies or defenses, or did they specify? They include the majority of the FDCPA inclusive of subsection K of the FDCPA, which is the remedy section, Your Honor. So anything that's inconsistent with the remedy section of the the... therefore, the... the superseded newer section of the RFDCPA does away with the 15-day cure. Secondly, 15 U.S.C. 1692, subsection N of the FDCPA, Congress went to great lengths to write subsection N, which states that the states, in creating their own debt collection statutes, can enhance the powers given by the FDCPA, but they cannot detract. And by doing so, it would create a preemption issue. And therefore, the... the 15-day cure period that counsel is referring to... That can't possibly be correct with regard to the California remedy. The federal statute says the states can't cut back the federal statute, but how can... how can Congress say the states are required to create their own independent cause of action that matches ours? Because, Your Honor, the... the 1788.17 incorporates the FD... the relevant portion to the FDCPA, and therefore, it creates... Well, I could... I could quarrel with that, but that's not the point you're making now. You're trying to tell me that Congress has required states to enact this remedy, this federal remedy. I don't see how that could be. Federal remedy is what it is. The states can go beyond that. They can't be short of that and... and derogate from the federal remedy. There's a federal remedy. That's what Congress created. States can't cut back on that, but states aren't required to set their own cause of action that's equal to the federal remedy. Your Honor. Well, let me ask you this, counsel. On this idea that the Rosenthal Act was amended in 1999... Yes, Your Honor. In your brief, pages 21 and 22, you cite a number of cases. Can you recall which case... Is there a case that lays this out the way you very articulately laid it out? Is there a case that spells it out the way you just did? Yes, Your Honor. It's the Voe decision and... and the... I would like to say the Green... the Greenfold or the Greenwell decision from the Eastern District of California. And then there's also a case from the bankruptcy court that we cited too. If you give me one second, Your Honor. Thank you. It's your brief, opening brief, 21 and 22, and I see lots of cases. I haven't seen the cases you just identified to us. So maybe that, if need be, you give us a 28-J letter, but I don't... I don't know the cases you're referring to. There's a Landry decision from the bankruptcy Eastern District of California, 2013, that we... that I believe we cited too in our briefing. The... Also, I'd like to state that... I see Landry. Okay. Also, the Gonzalez decision from this very court, though it doesn't go to that specific issue of the 15-day cure, it does certainly adopt the 1999 opinion in regarding that... the superseding of the previous portions of it. So this court has actually taken note of that in prior decisions. And with the time that I have remaining, Your Honor... Actually, you're over, so why don't you... why don't you wrap it up? Thank you, Your Honor. I just wanted to say that, respectfully, I request that this court overrule the lower court and find as a matter of law that the... that the violations in questions were, in fact, material both for the FDCPA and the RFDCPA. Thank you very much, Counsel. This matter is submitted.
judges: Clifton, Owens, Antoon